UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD SUTHERLAND, as Assignee of NIGEL ALLEN; RICHARD SUTHERLAND as assignee of FRED PILSTER; RICHARD SUTHERLAND, as assignee of SAL RUIZ; RICHARD SUTHERLAND, as assignee of JUDITH LAVENDAR; and ANTHONY MALFATTI, Individually,<br><br>                    Plaintiffs,<br>     v.<br><br>THOMAS E. FRANCIS,<br><br>                    Defendant. | Case No.: 12-CV-05110-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE |

This action involves a dispute over agreements to purchase interests in heavy machinery as part of an alleged "Ponzi" scheme. Anthony Malfatti as well as Richard Sutherland, as assignee of Nigel Allen, Fred Pilster, Sal Ruiz, and Judith Lavendar (collectively, "Plaintiffs"), bring state law claims for breach of contract and common counts. Presently before the Court is the Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC ") filed by Defendant Thomas Francis ("Defendant" or "Francis"). *See* Def.'s Mot. to Dismiss ("Motion to Dismiss"), ECF No. 41. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's Motion to Dismiss with prejudice.

1

## I.   BACKGROUND

### A.   Factual Background[1]

This action arises from a "Ponzi" scheme allegedly orchestrated by Wendell Spell ("Spell") and Defendant Thomas Francis, both residents of Georgia.  SAC ¶¶ 11, 12.  Spell owned North Georgia Equipment Sales, LLC ("North Georgia"), and Cornerstone International Investments, LLC ("Cornerstone"), both Georgia limited liability companies of which he is the only known managing member.  SAC ¶ 12.  Spell is now incarcerated in a federal correctional institution arising out of the crimes that he committed with respect to the operation of North Georgia and Cornerstone.  SAC ¶ 13.

Defendant Francis was also allegedly engaged in business in California by selling and leasing heavy construction machinery, as well as selling securities and fractional interests in heavy machinery.  SAC ¶ 11.  Francis's business operation involved paying the purchase price of the heavy construction equipment purchased from Spell and then immediately reselling the equipment to buyers either generated from his own sources or through referrals from Sutherland, such as Plaintiffs in this case.  SAC ¶ 22.  In 2008, Plaintiffs entered into a series of agreements with Francis to purchase shares of machinery.  SAC ¶¶ 26-35, 47-50, 62-69, 81-84, 96-99.  Plaintiffs' agreements with Francis consisted of the following:

- Allen entered into three contracts with Francis in July and August of 2008.  SAC ¶¶ 26-35.  Under the terms of the first contract, Allen paid Francis $37,000 for a 42.53% interest in a piece of heavy machinery.  SAC ¶¶ 26-28.  Under the terms of the second contract, Allen paid Francis $24,000 for a 27.59% interest in a piece of heavy machinery.  SAC ¶¶ 29-31.  Under the terms of the third contract, Allen paid Francis $87,000 for a 9.666% interest in a piece of machinery.  SAC ¶¶ 32-35.

- Pilster entered into two contracts with Francis in July of 2008.  SAC ¶¶ 47-50.  Under the terms of the first contract, Pilster paid Francis $87,000 for a 100% interest in a piece of heavy machinery.  SAC ¶¶ 47-50.  Under the terms of the second contract, Pilster paid Francis $13,000 for a 14.94% interest in a piece of machinery.  *Id*.

- Ruiz entered into two contracts with Francis in August and September of 2008.  SAC ¶¶ 62-69.  Under the terms of the first contract, Ruiz paid

---

[1] The Court takes the facts from Plaintiff's SAC as true for purposes of this motion.

2
Case No.: 12-CV-05110-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

       Francis $200,000 for a 25% interest in a piece of heavy machinery. SAC ¶¶ 62-65. Under the terms of the second contract, Ruiz paid Francis $131,000 for a 50% interest in a piece of machinery. SAC ¶¶ 66-69.

- Lavendar entered into a contract with Francis prior to October 1, 2008. SAC ¶¶ 81-84. Under the terms of the contract, Lavendar paid Francis $100,000 for an 11.1% interest in a piece of heavy machinery. SAC ¶¶ 81-84.

- Malfatti entered into a contract with Francis in September of 2008. SAC ¶¶ 96-99. Under the terms of the contract, Malfatti paid Francis $100,000 for a 38.17% interest in a piece of heavy machinery. SAC ¶¶ 96-99.

The contracts between Francis and Plaintiffs called for performance in approximately six weeks from inception at which time Plaintiffs would be paid their principal and profit by Francis. SAC ¶¶ 38, 53, 72, 87, 102.

Plaintiffs allege that they paid Francis an agreed upon sum of money, and thus performed all obligations under the terms of their respective agreements. SAC ¶¶ 39, 54, 72, 88, 103. However, at some point in the four years prior to filing the FAC, Francis breached the respective contracts by failing to pay each Plaintiff his or her principal and profit owed, as promised. SAC ¶¶ 40, 55, 73, 89, 104.

### B. Procedural History

Plaintiffs Allen, Pilster, Ruiz, and Malfatti initiated this action on October 2, 2012. *See* Compl., ECF No. 1. On October 15, 2012, Plaintiffs filed their First Amended Complaint, adding Plaintiff Lavendar. *See* ECF No. 3 ("FAC"). In the FAC, each Plaintiff alleged individual claims for breach of contract, common counts, and unjust enrichment. *See id.* In addition, Plaintiffs collectively alleged that Francis sold securities in violation of Georgia Securities Law. *See id.* On January 8, 2013, this case was reassigned from Magistrate Judge Paul Grewal to District Judge Edward Chen. ECF No. 18.

On January 9, 2013, Francis moved to dismiss the FAC for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 21. On January 28, 2013, Plaintiffs filed an Opposition. ECF No. 29. That same day, the undersigned judge related this case to the previously filed case *Jimmy McAfee, et al. v. Thomas Francis, et al.*, Case No. 11-CV-00821-LHK. *See* ECF No. 30. Thus, this case was reassigned to the undersigned judge. *See id.* On February 5, 2013, Francis filed a reply in

3

Case No.: 12-CV-05110-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

support of the Motion to Dismiss. ECF No. 32. On June 10, 2013, the Court granted Francis's motion to dismiss Plaintiffs' FAC. ECF No. 39 ("First MTD Order"). The Court dismissed Plaintiffs' unjust enrichment and violation of Georgia Securities Law claims with prejudice. *Id.* at 9. However, the Court determined that Plaintiffs' breach of contract and common count claims could be cured by additional factual allegations and thus granted Plaintiffs leave to amend these claims. *Id.* The Court advised Plaintiffs that if they failed to "cure the deficiencies" addressed in the First MTD Order, the breach of contract and common count claims will be "dismissed with prejudice." *Id.*

On July 9, 2013, Plaintiffs filed their SAC, alleging individual claims for breach of contract and common counts. ECF No. 40. On July 29, 2013, Francis filed the instant Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6), ECF No. 41 ("Mot."), as well as a Request for Judicial Notice, ECF No. 41-2.[2] On August 11, 2013, Plaintiffs filed an Opposition to the Motion to Dismiss. ECF No. 44 ("Opp'n"). On August 19, 2013, Francis filed a reply. ECF No. 45 ("Reply").

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[2] Francis specifically requests that the Court take judicial notice of Plaintiffs' FAC. Plaintiffs do not oppose this request. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for a summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the trial court's territorial jurisdiction" or capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). The Court finds that Plaintiffs' FAC may be judicially noticed pursuant to Fed. R. Evid. 201(b) as a matter of public record. Therefore, the Court GRANTS Francis's Request for Judicial Notice.

1   unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  For purposes

2   of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as

3   true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*

4   *v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

5   However, a court need not accept as true allegations contradicted by judicially noticeable

6   facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond

7   the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion

8   into one for summary judgment,  *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor is a

9   court required to "'assume the truth of legal conclusions merely because they are cast in the form

10  of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)

11  (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory

12  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

13  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

14  Furthermore, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that

15  he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

16  1997) (internal quotation marks and citation omitted).

17  **B.    Leave to Amend**

18  If a court determines that a complaint should be dismissed, it must then decide whether to

19  grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

20  "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

21  15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez*

22  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation

23  omitted).  Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue

24  delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by

25  amendments previously allowed, undue prejudice to the opposing party. . . [and] futility of

26  amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010)

27  (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

28

## III. DISCUSSION

Each Plaintiff pleads individual claims for breach of contract and common counts. As the factual and legal basis for these claims are essentially identical, the Court will address all of Plaintiffs' claims on these causes of action together.

### A. Breach of Contract Claims

Counts 1, 3, 5, 7, and 9 are claims for breach of contract between Plaintiffs and Francis. To state a claim for breach of contract under California law, Plaintiffs must plead four elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). In addition, a contract requires an offer articulating the terms of the agreement and an acceptance that mirrors the offer. *See Chaganti v. I2 Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1071 (N.D. Cal. 2007) ("An offer must clearly articulate the terms of the agreement and the acceptance must be absolute, unqualified and a mirror image of the offer.").

Plaintiffs' current allegations still fail to allege sufficient facts to support the essential elements of a breach of contract claim. The essential terms of the agreement and Francis's alleged breach were not pled with any particularity. As an initial matter, it is still unclear from the SAC whether the purported contracts were for "securities and fractional interests" in various pieces of construction equipment or for purchasing construction equipment. In the SAC, Plaintiffs allege facts that support contracts for "securities and fractional interests": (1) Francis offered to sell Plaintiffs a portion of an interest in a piece of construction equipment in return for Plaintiffs' payment of a sum of money to Francis, (2) Plaintiffs accepted that offer, and (3) Plaintiffs paid the sum of money. *See* SAC ¶¶ 26-35, 47-50, 62-69, 81-84, 96-99. Francis would then pay Plaintiffs their principal and profit. SAC ¶¶ 38, 53, 72, 87, 102. However, Plaintiffs allege that each "aforementioned contract" was a "sale of goods" pursuant to the Uniform Commercial Code ("UCC"). SAC ¶¶ 37, 52, 71, 86, 101. Under the UCC, a "sale" is the passing of title from the seller to the buyer for a price. UCC § 2-106(1). "Goods" means "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in

action." UCC § 2-105(1).  Although Plaintiffs paid Francis various sums of money, Plaintiffs do not allege in the SAC that they took, or sought to take, delivery or title to any of the construction equipment from Francis.

In addition, it is unclear from the SAC what Francis was required to do pursuant to the purported contracts.  Plaintiffs allege that the contracts called for "performance in approximately six weeks from inception at which time [Plaintiffs] would be paid [their] principal and profit by Francis."  SAC ¶¶ 38, 53, 72, 87, 102.  However, Plaintiffs did not specify "performance" and "inception" and the amounts of "principal" and "profit."  Notably, in the FAC, Plaintiffs alleged that the contracts "required Francis to sell the aforementioned heavy machinery at a predetermined price, returning [Plaintiffs'] principal and a share of the profits to [Plaintiffs] within a reasonable period of time."  *See* FAC.  But such allegations are inexplicably absent in the SAC.

Finally, Plaintiffs allege that Francis breached the contracts with Plaintiffs "by not returning to [them their] principal as agreed[.]"  SAC ¶¶ 40, 55, 74, 89, 104.  However, Plaintiffs do not allege when the breach actually occurred.  Plaintiffs must plead facts sufficient to show that they are entitled to relief on the breach of contract claim.  *See Twombly*, 550 U.S. at 555, 570; *see also Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5, 58 Cal. Rptr. 3d 54 (2007) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.").  Further, if the contracts were indeed sales of goods as Plaintiffs contend, then it is unclear why Francis was required to return to Plaintiffs their principals as part of Francis's performance.

As the SAC does not include "the essential terms of the agreement and more specific allegations as to breach," Plaintiffs have failed to plausibly demonstrate that Francis is liable for breach of contract.  *McAfee v. Francis*, No. 11-00821, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011); *see also Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. 11-1590, 2012 WL 2798809, at * 5 (E.D. Cal. Jul. 9, 2012) (holding that claim for breach of contract should be dismissed when it "fail[ed] to provide fair notice of [party's] wrongdoing."); *see generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement

1   to relief.' ") (quoting *Twombly*, 550 U.S. at 557).  Plaintiffs have failed to allege "enough facts to
2   state a claim to relief that is plausible on its face" for breach of contract.  *Twombly*, 550 U.S. at
3   570.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' first, third, fifth,
4   seventh, and ninth causes of action.

5   The Court dismisses these claims without leave to amend not only because the Court's First
6   MTD Order held that Plaintiffs' failure to cure the deficiencies in the FAC would result in a
7   dismissal with prejudice, *see* First MTD Order, at 9, but also because amendment appears to be
8   futile.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (a district court
9   may deny leave to amend due to "repeated failure to cure deficiencies by amendments previously
10  allowed" and "futility of amendment"); *Swartz v. KPMG LLP,* 476 F.3d 756, 761 (9th Cir. 2007)
11  (futility alone can justify the denial of leave to amend).  Thus far, Plaintiffs have had the
12  opportunity to file an original complaint as well as *two* amended complaints.  In addition, Plaintiffs
13  have been on notice of the deficiencies of their complaint from Francis's prior motion to dismiss
14  and the Court's First MTD Order.  The Court concludes that if Plaintiffs had a legitimate basis to
15  set forth a plausible breach of contract claim, Plaintiffs would already have articulated it in a
16  meaningful way in one of their three complaints. This is especially true given that this Court's First
17  MTD Order set forth precisely what deficiencies Plaintiffs needed to address with respect to their
18  breach of contract claims.  Accordingly, the Court will not give Plaintiffs a fourth bite at the apple
19  because amendment appears to be futile.  *Carvalho*, 629 F.3d at 892; *Ruiz v. Natl. City Bank*,
20  2:09CV01586JAMGGH, 2010 WL 1006412, at *5 (E.D. Cal. 2010) ("[D]ismissal with prejudice is
21  appropriate given that the Plaintiff has been given two chances to try to plead proper claims against
22  this Defendant.").  The Court further notes that because of Plaintiffs' filing of three complaints and
23  Defendant's filing of two motions to dismiss those complaints, this litigation has been pending
24  since Plaintiffs filed their original complaint in October of 2012 and has not moved beyond the
25  pleadings stage. The Court concludes that Defendant should not be required to respond to a
26  continually moving target, and at some point, the litigation must be resolved. *See Franczak v.*
27  *Suntrust Mortg., Inc.*, Case No. 5:12-cv-01453 EJD, 2013 U.S. Dist. LEXIS 126977, *11-12 (N.D.
28  Cal. Sept. 5, 2013) (denying leave to amend third amended complaint and dismissing case with

prejudice because allowing further amendments after Plaintiff has already amended his pleading twice would unduly prejudice defendant who had to continually respond to a "moving target"). This action began in October 2012 — approximately one year and four months ago — and Plaintiffs have had multiple chances to cure the deficiencies in their complaints. Given that this Court's discretion to deny leave to amend is particularly broad where a complaint has already been amended, *see Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011), the Court dismisses Plaintiff's breach of contract claims with prejudice.[3]

### B. Common Counts Claims

Counts 2, 4, 6, 8, and 10 are claims for common counts. Under California law, "[a] common count is not a specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness[.]" *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). The elements of a claim for common counts are: (1) the statement of indebtedness in a certain sum, (2) the consideration, and (3) nonpayment. *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997). "When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts," it does not survive if the underlying claim does not survive. *McBride*, 123 Cal. App. 4th at 394; *see also Mitchell v. Nat'l Auto. & Cas. Ins. Co.*, 38 Cal. App. 3d 599, 606 (1974) ("It is settled that when a common count is based upon the same facts specifically pleaded in another count which is subject to demurrer, the common count is likewise subject to demurrer.").

Here, Plaintiffs allege that Francis became indebted "for money had and received" from the Plaintiffs in the same amounts as the breach of contract claims. *See* SAC ¶¶ 44, 59, 78, 93, 107. Plaintiffs appear to assert common counts claims as an alternative way of seeking the same amounts as in the breach of contract claims. *See id*. Plaintiffs' common counts claims are based on the same facts as the breach of contract counts. *See id*. Thus, the common counts claims are derivative of their contract claims. Because the Court dismisses Plaintiffs' breach of contract claims, it also GRANTS Defendant's Motion to Dismiss Plaintiffs' common counts claims. As in

---

[3] Given that Plaintiffs have failed to state breach of contract claims, the Court need not determine whether these claims are also barred by the statute of limitations. *See* Mot. at 5-8; Opp'n at 3-5.

Plaintiffs' breach of contract claims, the dismissal of Plaintiffs' common counts claims is with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint with prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 3, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge